UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

**JULIO RODRIGUEZ**, and
all others similarly situated under
29 U.S.C. §216(b),

    Plaintiff,

vs.

**GERONIMOS GRILL, INC.**, and
**LOUIE A. DIMITRELOS**, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff Julio Rodriguez ("Plaintiff" of "Rodriguez"), on behalf of himself and all others similarly situated under 29 U.S.C. §216(b), hereby sues Geronimos Grill, Inc. ("Geronimos" or the "Company") and Louie A. Dimitrelos ("Dimitrelos"), individually, (collectively "Defendants"), and allege as follows:

### Introduction

1. This is an action by Rodriguez for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. Plaintiff seeks damages within this Honorable Court's jurisdictional requirements, reasonable attorneys' fees and costs, and all other remedies allowable by law.

1 | Page

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

3. The overtime counts are brought as a collective action pursuant to 29 U.S.C. §216(b).

4. Upon information and belief, Defendants have failed to compensate similarly situated employees in accordance with the FLSA by depriving them of the FLSA's required overtime premium.

## Parties, Jurisdiction and Venue

5. Rodriguez has, at all relevant times, resided in Broward County, Florida.

6. Geronimos is a Florida corporation with its principal place of business in Broward County, Florida.

7. Dimitrelos is over the age of eighteen and is otherwise *sui juris*.

8. At all times material, Dimitrelos was and is an owner and operator of the Corporate Defendant.

9. Venue is proper in this Court because Defendants transact business in this District, Defendants maintain a principal place of business in this District, Defendants employed Plaintiff in this District, and the claims arose within this District.

**A. Defendants' Business And Interstate Commerce**

10. Defendants operate a restaurant and bar in Broward County, Florida.

11. Upon information and belief, the Company's annual volume of sales or business exceeded $500,000 annually for every relevant year.

2 | Page

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

12. At all relevant times, Defendants employed two or more employees, including Plaintiff, that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

13. Upon information and belief, Defendants obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

14. Defendants, upon information and belief, accept credit card payments, wire transfers, and other forms of payments that are made or processed outside the state of Florida.

15. Defendants are employers engaged in interstate commerce and subject to the FLSA.

B. **Plaintiff's Employment And Defendants' Operational Control.**

16. Rodriguez began working for Defendants in or around April 2018.

17. Rodriguez was hired by Dimitrelos.

18. Rodriguez was supervised by Dimitrelos.

19. Dimitrelos had the ability to hire and fire individuals, adjust schedules and pay rates, promote and demote employees, was present daily at

3 | Page

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

the restaurant, and controlled the Company's purse strings all during the relevant period.

20. Dimitrelos was responsible for ensuring that Plaintiff and all other employees were properly compensated minimum, regular, and overtime wages.

### C. Defendants' Failure To Pay Plaintiff In Accordance With The FLSA

21. During April 2018, Rodriguez began his employment with Defendants and continued working for Defendants until his termination on or about November 17, 2019.

22. During that time period, Rodriguez worked as a non-exempt cook.

23. Since, roughly, Rodriguez's second week of work with Defendants, he averaged fifteen (15) hours of overtime a week.

24. From on or about April 10, 2018 through June 31, 2018 (16 weeks), Rodriguez was paid an hourly wage of $12.00.

25. From on or about August 1, 2018 through November 17, 2019 (68 weeks), Rodriguez's hourly wage was $15.00 per hour.

26. During his employment, Defendants would only compensate Rodriguez at his regular (straight) rate of pay for each hour of overtime worked.

27. Despite having knowledge of Rodriguez's overtime hours and pay structure, Defendant improperly calculated Rodriguez's overtime premium pay rate.

28. As such, Rodriguez seeks, and Defendants owe, the halftime premium for each hour of overtime worked, liquidated damages, and attorneys' fees and costs.

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

**COUNT I**
**OVERTIME VIOLATIONS BY GERONIMOS UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFF AND ALL OTHER SIMILARLY SITUATED EMPLOYEES**

29. Plaintiff re-allege and incorporate by reference the allegations in paragraphs 1 through 28 above as if fully set forth herein.

30. Upon information and belief, the Company's annual volume of sales or business exceeded $500,000 during each calendar year of the relevant period.

31. As part of its business, the Company purchased goods and materials that traveled through interstate commerce during the relevant period.

32. During the relevant period, the Company obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

33. During the relevant period, the Company, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed outside the state of Florida.

34. During the relevant period, the Company was an employer engaged in interstate commerce and subject to the FLSA.

35. During his employment with the Company, Plaintiff worked overtime hours.

36. The Company, however, failed to properly calculate (and then pay) Rodriguez's overtime premium rate.

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

37. Rodriguez is owed overtime back pay.

38. In addition, the Company is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violation of the FLSA.

39. Other the Company employees were also deprived of proper overtime compensation as required by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against the Company under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff his attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

**COUNT II**
**OVERTIME VIOLATIONS AGAINST DIMITRELOS UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED**

40. Plaintiff re-allege and incorporate by reference the allegations in paragraphs 1 through 28 above as if fully set forth herein.

41. During the relevant period, Dimitrelos was an owner, corporate officer, and operator of the Company.

42. During the relevant period, Dimitrelos operated the day-to-day activities of the Company, had supervisory authority over Plaintiff and all other

6 | Page

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

similarly situated employees, and was partially or totally responsible for paying Plaintiff and all other similarly situated employees.

43. Dimitrelos was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during the relevant period.

44. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

45. Other similarly situated employees were also deprived overtime compensation at a rate of time-and-a-half his regularly rate of pay as required by the FLSA.

46. Dimitrelos is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment against Dimitrelos under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby request a trial by jury with respect to all claims so triable.

7 | Page

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

Respectfully submitted on January 9, 2020

**By: /s/ *Brody M. Shulman***
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@pba-law.com
Bayardo E. Alemán, Esq.
Florida Bar No. 28791
bayardo@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 92044
brody@pba-law.com

**PERERA BARNHART ALEMAN**
12555 Orange Dr.
Second Floor
Davie, FL, 33330
Telephone: 786-485-5232
*Counsel for Plaintiff*

8 | P a g e

**PERERA BARNHART ALEMÁN**
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com