## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 20-cv-60049-RAR

**JULIO RODRIGUEZ**, and
all others similarly situated under
29 U.S.C. §216(b),

      Plaintiff,

vs.

**GERONIMOS GRILL, INC.**, and
**LOUIE A. DIMITRELOS**, individually,

      Defendants.

_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENTAND FOR DISMISSAL WITH PREJUDICE

Plaintiff JULIO RODRIGUEZ ("Plaintiff") and Defendants GERONIMOS GRILL, INC., and LOUIE A. DIMITRELOS (collectively "Defendants")(Plaintiff and Defendant collectively the "Parties"), by and through their respective counsel, hereby respectfully file this Joint Motion for Approval of Parties' Settlement and Dismissal with Prejudice in this Fair Labor Standards Act case, with the Court reserving jurisdiction to enforce the terms of the settlement agreement, and in support jointly state the following:

Currently pending before the Court is Plaintiff's First Amended Complaint [DE 7] alleging unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). Defendants deny Plaintiff's claims that Defendants violated the FLSA and that Plaintiff are entitled to any overtime wage pay during the relevant time period. To avoid the costs and uncertainty of litigation, however, the Parties have negotiated a settlement where both Plaintiff and Defendants were, at all material times, represented by counsel.

The settlement agreement between the Parties was memorialized in a written agreement, and executed by both Parties, and attached hereto as **Exhibit A.**

## **MEMORANDUM OF LAW**

### I.   **LEGAL FRAMEWORK**

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim for back wages must either be supervised by the Secretary of Labor or must be approved by the District Court.  See *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.  *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.*; see also *Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977). When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. *Dail v. George A. Arab, Inc.,* 391 F.Supp. 2d 1142, 1146 (M.D. Fla. 2005); Hamilton, 2007 U.S. Dist. LEXIS at *2-3; Camp v. Progressive Corp., 2004 U.S. Dist. LEXIS 19172 (E.D. La. Sept. 23, 2004)(there is a "strong presumption in favor of finding a settlement fair")(*citing Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)); *see also Schottborgh v. Motor Car Concepts, II, Inc*., 2009 WL 4730615, at *2 (M.D. Fla. Dec. 9, 2009) ("The Court should be mindful of the strong presumption in favor of finding a settlement fair.")

Recent case law has shifted the approval process when a plaintiff is represented by counsel, and is, therefore, placed in an adversarial setting.  In the present case, both parties were represented by counsel in an adversarial proceeding. *See Martin v. Spring Break '83 Prods.*, LLC, 688 F.3d 247 (5th Cir. 2012) (Lynn's Food Stores, Inc. fairness concerns not implicated regarding settlement

2

that occurred within the context of a lawsuit where a plaintiff-employee is represented by counsel), *followed* by *Smith v. Tri-City Transmission Serv*., 2012 U.S. Dist. LEXIS 119428 (D. Ariz. Aug. 23, 2012).

## II.   <u>The Settlement In This Matter is Fair and Reasonable</u>

The following factors are typically considered by the Court in determining the reasonableness of the agreement:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits;
(5) the range of possible recovery; and
(6) the opinions of the counsel.

*Hamilton v. Frito-Lay, Inc.*, 605-CV-592-ORL-22JGG, 2007 WL 328792 (M.D. Fla. Jan. 8, 2007) *report and recommendation adopted,* 6:05CV-592ORL-22JGG, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007).

As to the *first factor*, there is no fraud or collusion behind the settlement. Plaintiff, represented by counsel, filed a claim for unpaid overtime wages against Defendants, also represented by counsel.  The parties have decided to resolve the claim only due to the disputed issues of facts and inherent risks of litigation. *Infra.*

As to the *second factor*, if this matter would have proceeded, Defendants would need to expend time and resources filing a responsive pleading to the First Amended Complaint and the Parties would be required to submit to depositions, as well as undertake the deposition of third-party witnesses in the case.  The parties would have had to expend significant time and resources in preparation for trial, as well as attend a two to three-day trial.  Additionally, there is the possibility that the non-prevailing party may appeal the verdict, albeit the statistical possibility of

an appeal cannot be presently ascertained. The expense of litigation to the Defendants are far greater than the amount of the settlement.

As to the _third factor_, the litigation is currently in the pre-discovery phase. The Parties intended to depose the other's clients and numerous witnesses along with extensive document review. The parties have also discussed the disputed issues, which spurred settlement.

As to the _fourth factor_, there are several disputed issues. The Parties dispute  the number of hours that Plaintiff worked where Defendants alleges that Plaintiff did not regularly work the number of overtime hours alleged and, if so, the hours worked were _de minimis_. Defendants dispute the allegations that Plaintiff worked all of those overtime hours stated in the First Amended Complaint. Thus, there is a _bona fide_ dispute as to Plaintiff's FLSA claims.

Additionally, Plaintiff contends the alleged FLSA violations lacked good faith and liquidated damages should be imposed. Defendants allege they acted in good faith and that their actions or omissions were based on reasonable grounds for believing that they were not a violating the FLSA. Assuming, _arguendo_, Defendants' position is correct, Plaintiff would be precluded from recovering liquidated damages. Thus, Plaintiff's recovery, if any, could be limited to the unliquidated wage portion which, in turn, severely limits his damages.

As to the _fifth factor_, should Defendants have prevailed based on any of their potential defenses, Plaintiff potentially may have recovered far less than what is claimed in the First Amended Complaint, not recovered anything, or may have owed a cost judgment to the Defendants. Should Plaintiff prevail, the Defendants may potentially fail on all defenses and be indebted to the Plaintiff for a Judgment for wages, for part or the entire of Plaintiff's claim, as well as an award for liquidated damages, and attorney's fees and costs. Consequently, the parties recognize the inherent uncertainty in proceeding with this action, the preoccupation of litigation,

4

the investiture of additional time to continue to litigate this case, the additional expenditure of fees and costs that will accrue as this matter moves forward (especially to Trial), the uncertainty of whether any money judgment would be collectable, and the possibility that such a judgment would be discharged in bankruptcy. In recognition of these concerns, the Parties have agreed to resolve this action.

### III.      THE OBSTACLES FACED BY PLAINTIFF

Plaintiff's recovery in this matter is significant and in line with his purported damages in light of the various legal barriers he would have to overcome to attain any financial recovery whatsoever.

### A.   First Obstacle: The Potential Lack of FLSA Coverage

The FLSA requires an employer to pay its employee "an overtime wage of one and one-half times his regular rate for all hours he works in excess of forty hours per week." *See Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1298 (11th Cir.2011); *see also* 29 U.S.C. § 207(a). "If a covered employee is not paid the statutory wage, the FLSA creates for that employee a private cause of action against his employer for the recovery of unpaid overtime wages and back pay." *Josendis,* 662 F.3d at 1298; *see also* 29 U.S.C. § 216(b). "In order to be eligible for FLSA overtime, however, an employee must first demonstrate that he is `covered' by the FLSA." *Josendis,* 662 F.3d at 1298. This requires a showing that the jurisdictional prerequisite of "interstate commerce" exists in a given case, a showing that may be made one of two ways. *Id.* First, an employee may claim "individual coverage" if he regularly and directly participates in the actual movement of things or persons in interstate commerce. *Id.* Second, an employee may assert "enterprise coverage" if his employer: (1) has employees engaged in interstate commerce or in the production of goods for interstate commerce, or employees who

5

handle, sell, or otherwise work on goods or materials that have been moved in, or produced for, interstate commerce by any person; *and* (2) has gross volume sales or business of at least $500,000 annually. *Id.*

In this matter, the FLSA may not apply due to a lack of Enterprise Coverage, specifically the gross volume threshold. If this matter was not resolved, it would have required the Parties to engage in protracted discovery, both written and oral, as to this particular defense. Further, the possibility for "individual coverage" to attach was remote. Again, to investigate this type of coverage would have required extensive discovery. If Defendants succeeded in proving the lack of FLSA coverage, Plaintiff would not be able to recover any alleged wages. This was a major factor considered by Plaintiff in resolving this matter.

### B. **Second Obstacle: Establishing All Hours Worked**

There was a significant dispute in this case over the hours Plaintiff worked during the relevant period. The question of compensable work hours would have come down to a question of credibility and would have required extensive litigation.

### IV. **PLAINTIFF'S ATTORNEYS' FEES AND COSTS**

Plaintiff's attorneys' fees and costs were, at all times, negotiated separately from the amounts claimed by Plaintiff for their underlying claims and are not a function of any percentage of recovery. As the Court explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement

without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti*, 2009 U.S. Dist. LEXIS 68075 at \*15-16.

### A. The Compromised Attorneys' Fees.

A detailed report containing every time and cost entry in this case will be separately e-mailed for *in camera* review. The Parties respectfully submit that Plaintiff's counsel is receiving a reduced amount in attorneys' fees and costs when the time details are compared to the Settlement Agreement.

### B. The Lawyers Representing Plaintiff.

Plaintiff was represented by Valerie Barnhart, Esq. and Brody Shulman, Esq. The curriculum vitae for each attorney will be separately e-mailed for *in camera* review

As the Court will note, Ms. Barnhart is a Partner at Perera Barnhart Aleman, graduated with high honors from her law school, has a big firm background, and a history of publications and lectures on numerous legal issues. Ms. Barnhart is dedicated to labor and employment issues. Hourly clients regularly pay $350.00 an hour for Ms. Barnhart's services.

Mr. Shulman is a partner at Perera Barnhart Aleman and has dedicated his entire career to the field of labor and employment law. Mr. Shulman has handled hundreds of labor and employment matters and has served as lead counsel on many reported decisions. Hourly clients regularly pay $350.00 an hour for Mr. Shulman's services.

A sample of documents showing the payment of the rates above will be sent via e-mail for *in camera* review. *See Mayson v. Pierce*, 806 F.2d 1556, 1557 (11th Cir. 1989) (noting that billing rates charged to other clients is evidence of the reasonable hourly rate).

Recently, two Joint Motions for Settlement Approval of FLSA matters were granted and approved the hourly rate of $350.00 for Brody M. Shulman, Esq. *See Bolton v. Rock N Massage,*

*Inc., et. al.*, case no.: 19-cv-60008-AOV (S.D. Fla. May 8, 2019); *Giannola v. D&S Management Services, Inc., et. al.* case no.: 19-60754-cv-Altman (S.D. Fla. July 9, 2019).   Further, the Honorable Magistrate Judge Jonathan Goodman approved Ms. Barnhart's hourly rate in the FLSA matter of *Martin v. Law Office of Daniel M. Keil, P.A., et. al.*, case no.: 19-cv-22037-MGC. Finally, the Honorable Dave Lee Brannon approved Ms. Barnhart and Mr. Shulman's hourly rates in the FLSA matter of *Anjoute, et. al. v. Fratelli Florida, Inc., et. al.*, case no.: 19-cv-80801-Brannon.

WHEREFORE, the parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement agreement; (2) retaining jurisdiction to enforce payment terms; and (3) dismissing this action with prejudice.

Respectfully submitted on March 10, 2020.

| | |
|---|---|
| By**:**  */s/ **Brody M. Shulman** _____<br>Valerie Barnhart, Esq.<br>Florida Bar No. 88549<br>E-mail: valerie@pba-law.com<br>Brody M. Shulman, Esq.<br>Florida Bar No. 092044<br>E-mail: brody@pba-law.com<br><br>**PERERA BARNHART ALEMAN**<br>12555 Orange Dr.<br>Second Floor<br>Davie, FL, 33330<br>Telephone: 786-485-5232<br>*Counsel for Plaintiff* | By: __ /s/ *Casey R Cummings* ___<br>Casey R Cummings Esq.<br>Florida Bar No.: _102573 _____<br>Email: Casey@rosenbergcummings.com<br><br><br><br>**Rosenberg, Cummings, Edwards PLLC**<br>802 NE 20th Ave<br>Fort Lauderdale, FL 33304<br>P. 954-769-1344<br>F. 954-206-0818<br>*Counsel for Defendants* |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 10, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record on the Service List below.

By:  */s/ Brody M. Shulman*
Brody M. Shulman, Esq.


## <u>SERVICE LIST</u>

Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 92044
brody@pba-law.com

**PERERA BARNHART ALEMAN**
12555 Orange Drive
Second Floor
Davie, FL, 33330
Telephone: 786-485-5232
*Counsel for Plaintiff*

Casey R Cummings Esq.
Florida Bar No.: _____
Casey@Rosenbergcummings.com



**Rosenberg, Cummings, Edwards PLLC**
802 NE 20th Ave
Fort Lauderdale, FL 33304
P. 954-769-1344
F. 954-206-0818
*Counsel for Defendants*

9